The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for certain minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 14 June 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, AIG Claim Service provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred 14 June 1995.
5. On said date the plaintiff was earning an average weekly wage of $392.84.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident or an occupational disease arising out of and in the course of her employment with the defendant-employer on 14 June 1995; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident or occupational disease; and,
 c. If so, to what compensation, if any, is the plaintiff entitled under the Act.
7. The plaintiff began employment with the defendant-employer July 30, 1990.
Subsequent to the pre-trial hearing on January 29, 1996, the parties entered the following documentation into the record which have been considered by the Full Commission in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Brent Younce.
2. Deposition of Dr. Craig D. Brigham.
3. Medical records consisting of 30 pages of Rockhill Orthopedic Clinic.
4. Medical records consisting of 15 pages from Miller Clinic.
5. Medical records of Mercy Clinic.
6. Recorded statement of the plaintiff dated July 12, 1995, together with the audio cassette of said statement.
7. Four page document of settlement agreement from the Department of Labor Workplace Retaliatory Discriminatory Division.
8. Incident report dated June 28, 1995 marked Defendants' Exhibit 1.
9. June 30, 1995 is the last day plaintiff performed her work duties for the defendant-employer.
10. Five pages of medical records of Thomas J. Fox, Jr., M.D.
11. Payroll check dated 6 July 1995, marked Defendants' Exhibit 2.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with minor modifications, and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a female who was born on July 14, 1954. In June, 1995, she worked for the defendant-employer as a clerk in the accounting department. This position required her to work on a computer keying in data.
2. On June 12, 1995, the plaintiff returned to her job as a clerk, following a period of medical leave. She found that her computer had been moved in her absence. She tried to work with it as located for a couple of days, but found the location unsatisfactory. On June 14, the plaintiff picked up the computer from its location and moved it. At the time she picked up the computer to move it, the plaintiff felt a sharp stinging pain in her lower neck. The pain was momentary and did not prevent her from continuing her work duties that day. After moving the computer, the plaintiff began using the keyboard to enter data into the computer.
3. About 30 minutes after she felt the sudden neck pain while moving the computer, the plaintiff began experiencing pain and numbness in her left arm, hand and fingers. Plaintiff reported her left arm and hand symptoms to her supervisor, Brent Younce, that same day, and was authorized to seek medical attention for the left arm.
4. Although the plaintiff did not mention the computer lifting incident to her supervisor or initially to her treating physician, she testified that she did not connect the lifting incident and the onset of neck pain to her hand and arm symptoms at the time. In addition, the physicians initially diagnosed plaintiff with carpal tunnel syndrome as the basis for her neck pain, which led the plaintiff to believe her problems were related to keyboard use, rather than the one specific lifting incident. The Deputy Commissioner found the plaintiff's testimony in this regard to be credible and the Full Commission finds no reason to otherwise find the plaintiff's testimony not credible.
5. Thereafter, the plaintiff was examined and treated by several medical providers who at that time and early on diagnosed the plaintiff's left arm and hand problem as carpal tunnel syndrome and medically excused her from her work duties on June 30, 1995, up to which time the plaintiff had continued to work and perform her work duties for the defendant-employer.
6. Subsequent to June 30, 1995 on September 21, 1995, she was medically diagnosed as suffering from a disk herniation at C6-7 of her neck, and it was medically opined that the disk herniation was the cause of the plaintiff's left upper extremity problems and not carpal tunnel syndrome although said symptoms were similar.
7. Thereafter, the plaintiff underwent a laminectomy of her neck at C6-7 and thereafter experienced a reduction of her distress with her left upper extremity although the fusion performed as part of the surgical procedure on October 16, 1995 did not stabilize as was medically expected.
8. After the surgery on October 16, 1995, the plaintiff did not reach maximum medical improvement until she returned to work by becoming self-employed in a business operated by herself and her husband on April 1, 1996.
9. On June 14, 1995, the plaintiff sustained an injury by accident in the nature of a traumatic incident of the work assigned arising out of and in the course of the employment with the defendant-employer.
10. The plaintiff reached maximum medical improvement on April 1, 1996 when the plaintiff became self-employed in her own business with her husband.
11. There has been no definitive evidence presented from which it may be determined what permanent partial disability, if any, the plaintiff may have sustained by reason of the incident occurring on June 14, 1995.
12. As a result of her injury sustained in the incident of June 14, 1995, the plaintiff was unable to earn wages in her regular employment from June 30, 1995 until April 1, 1996, when she reached maximum medical improvement. There has been no showing that the plaintiff was capable of earning wages in any other employment during this period of time. Around August, 1995, the plaintiff was terminated from her employment with the defendant-employer.
13. The plaintiff has been paid $700.00 in disability benefits by the defendant employer pursuant to a policy wholly paid for by her employer.
14. The plaintiff has been paid $2,228.80 in settlement of a proceeding brought by her against the defendant-employer before the North Carolina Labor Department.
15. An attorney's fee of 25% is reasonable.
***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 14, 1995, the plaintiff sustained an injury by accident in the nature of a traumatic incident of the work assigned arising out of and in the course of the employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff is entitled to temporary total disability compensation benefits from June 30, 1995 to April 1, 1996 at the rate of $261.89 per week, subject to attorney's fees. N.C. Gen. Stat. § 97-29.
3. The defendants are entitled to a credit for the disability benefits of $700.00 paid to the plaintiff subsequent to June 14, 1995 against the compensation herein awarded. An attorney fee of 25% is reasonable. N.C. Gen. Stat. § 97-42.
4. The Full Commission is of the opinion and concludes as a matter of law that the defendants are not entitled to a credit against the compensation herein awarded for the sum of $2,224.80 paid to the plaintiff in the proceeding before the Department of Labor although said sum was computed on wages due the plaintiff as sum was, in fact, in settlement of a claim pending before said Department of Labor and not the present claim pending under the provision of the North Carolina Workers' Compensation Act. The sum awarded in the Labor matter was in the nature of a penalty for retaliatory discharge.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. The defendants shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from June 30, 1995 to April 1, 1996 at the rate of $261.89 per week, less the attorney fee and credit hereinafter provided.
2. The defendants shall pay all medical expenses resulting from said injury.
3. The defendants are allowed a credit for disability benefits in the amount of $700.00 paid to the plaintiff subsequent to June 14, 1995 against the compensation herein awarded.
4. An attorney fee of twenty-five percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to D. Baker McIntyre, III for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
5. The defendants shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________ KIM L. CRAMER DEPUTY COMMISSIONER
S/ _____________ DIANNE C. SELLERS COMMISSIONER